# Third District Court of Appeal

**State of Florida**

Opinion filed June 24, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2697
Lower Tribunal No. 94-23433
_____

**Craig Parham,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.315(a) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Craig Parham, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before WELLS, EMAS, and LOGUE, JJ.

LOGUE, J.

Defendant, Craig Parham, appeals the trial court's denial of his petition for habeas corpus. We affirm.

In 1994, the defendant was arrested and charged with burglary to a dwelling and grand theft in the third degree. In July 1995, pursuant to a plea agreement, the defendant was sentenced as a habitual violent felony offender to jail time, followed by five years of probation. Because the defendant had already served the length of his jail sentence at the time of the plea, the five-year probationary portion of his sentence began immediately.

In 1996, and while on probation, he was arrested for two new burglaries committed in Pinellas County. In January 1997, the Department of Probation in Miami-Dade County filed a probation violation affidavit, alleging that these 1996 Pinellas County burglaries constituted a violation of his 1995 probation. Subsequently, a probation warrant was issued and, on October 7, 1997, the Metro-Dade Police Department placed a detainer on the defendant with the Department of Corrections, pursuant to the active probation warrant.[1] The defendant was then served with the active probation warrant on January 3, 2001, and was returned to Miami-Dade County, where his probation was revoked on March 6, 2001, and he was sentenced to twenty years in state prison. On August 19, 2012, the defendant

[1] On August 1, 1997, the defendant pled guilty to the Pinellas burglary charges and was sentenced to eight years and five months in State prison. The defendant was serving his prison sentence on those Pinellas burglary convictions when the detainer was placed with the Department of Corrections.

was placed on conditional release by the Department of Corrections and was released from prison. However, he was again arrested for burglary to a dwelling on February 27, 2013, in a case that remains open and pending.

The defendant asserts that the trial court lacked jurisdiction to revoke his probation because the probationary period had not been properly tolled and had therefore expired by the time he was served with it in 2001. The State correctly argued below that under State v. Boyd, 717 So. 2d 524 (Fla. 1998), the defendant's probation was properly tolled because of the filing of the probation violation affidavit, the issuance of the probation warrant, and the delivery of the warrant to the Department of Corrections in 1997, as evidenced by the detainer placed by the Metro-Dade Police Department,[2] all of which were well before the expiration of the probation period.

Based upon the foregoing, the trial court properly denied the defendant's petition and we, accordingly, affirm.

---

[2] A printout of the Corrections Offender Network - Inmate Release Information Detail is in the record and was attached to the State's response to the petition in the trial court.